**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHINE ZAR TUN, | No. 16-71838 |
| Petitioner, | Agency No. A208-084-501 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2018[**]
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,[***] District Judge.

Khine Zar Tun, a native and citizen of Burma, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination, specifically Tun's inconsistent accounts of where she and her Muslim-convert husband were married. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination."). Tun's explanations, including that she suffered trauma that affected her ability to recall details, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony in this case, Tun's asylum and withholding claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Tun's CAT claim also fails because it is based on the same testimony the agency found incredible, and Tun does not point to any evidence that compels the conclusion that it is more likely than not she would be tortured if returned to Burma. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

**AFFIRMED.**

16-71838